UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RAY UNDERWOOD,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>STEVEN LAKE,[1]<br><br>　　　　　Respondent. | No. 1:18-cv-01104-DAD-SKO (HC)<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS**<br><br>**ORDER DIRECTING CLERK OF COURT TO AMEND CAPTION**<br><br>**(Doc. 10)** |

　　　　Petitioner, Daniel Ray Underwood, is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner alleges he is currently serving an illegal sentence pursuant to the Armed Career Criminal Act ("ACCA"). Respondent, Steven Lake, Warden of the United States Penitentiary at Atwater, filed a motion to dismiss. The Court referred the matter to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304. Having reviewed the record as a whole and applicable law, the undersigned recommends that the Court grant Respondent's motion to dismiss.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), when a public party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending, the officer's successor is automatically substituted as a party. Steven Lake has succeeded Andre Matevousian as Warden of the United States Penitentiary at Atwater.

1

**I.   Background**

On January 13, 2010, in the United States District Court for the District of Wyoming, Petitioner pled guilty to the charge of unlawfully possessing a firearm after having been convicted of a felony (18 U.S.C. 922(g)(1)). The Court found that Petitioner qualified for an enhanced sentence under the ACCA, and sentenced Petitioner to 180 months, the mandatory minimum sentence under the ACCA, on March 25, 2010. Petitioner did not directly appeal his conviction or sentence.

On October 13, 2015, Petitioner filed a motion pursuant to 29 U.S.C. § 2255 in the District of Wyoming. Petitioner asked the Court to vacate his 15-year sentence based on the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court held that increasing a sentence under the residual clause of the ACCA violated the Due Process Clause of the United States Constitution. The Court denied Petitioner's § 2255 motion on January 5, 2016, holding the decision in *Johnson* was not applicable to Petitioner, because his ACCA sentence was not based on the residual clause.

Petitioner now resides at the United States Penitentiary at Atwater. On August 16, 2018, Petitioner filed his petition before this Court, alleging his sentence is illegal pursuant to the United States Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016).

In *Mathis*, the Supreme Court addressed sentences under the ACCA. The ACCA mandates a minimum sentence of 15 years' imprisonment for any defendant convicted of being a felon in possession of a firearm and who has three previous convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). A "violent felony" is defined as:

> [A]ny crime punishable by imprisonment for a term exceeding one year ... that—
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> >
> > (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise

> involves conduct that presents a serious potential risk of physical injury to another[.]

18 U.S.C. § 924(e)(2)(B).

Thus, pursuant to § 924(e), any crime punishable by more than a year in prison is a violent felony if it falls within one of three categories. First, under what is sometimes referred to as the "elements clause," a violent felony includes any crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i). The second category includes the "enumerated crimes" of "burglary, arson, or extortion," and those "involv[ing] [the] use of explosives." § 924(e)(2)(B)(ii). Finally, under what is commonly known as the "residual clause," a violent felony includes those crimes that "otherwise involve[ ] conduct that presents a serious potential risk of physical injury to another." *Id.*

In *Mathis*, the Supreme Court considered the second category of predicate offenses, specifically the enumerated offenses of burglary, arson, extortion, or those involving the use of explosives. *Mathis*, 136 S.Ct. at 2248. The Supreme Court held that a prior conviction does not qualify as a predicate offense for purposes of the ACCA if an element of the crime of conviction is broader than an element of the generic offense of one of the enumerated offenses, when the crime of conviction sets forth various alternative factual means of satisfying a single element. *Id.* at 2257.

On October 18, 2018, Respondent filed a motion to dismiss, to which Petitioner responded on November 1, 2018.

## II. Standard of Review

Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. The Court may apply the Rules Governing Section 2254 Cases to the petition pursuant to § 2241. Rules Governing Section 2254 Cases, Rule 1(b).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court may dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Motions to dismiss petitions for writ of habeas corpus are

construed as a request for the Court to dismiss the petition under Rule 4. *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990).

**III.      No § 2241 Jurisdiction for Sentencing Claims**

A federal prisoner who seeks to challenge the validity or constitutionality of his federal conviction or sentence must do so by filing a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. *Tripati v. Henman*, 843 F.2d 1160, 1161-62 (9th Cir. 1988); *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006). In such cases, only the sentencing court has jurisdiction. *Tripati*, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence using a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, as Petitioner is attempting to do in this case. *Tripati*, 843 F.2d at 1162.

A prisoner challenging the manner, location, or conditions of the execution of his sentence may bring a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district in which he is in custody. *Stephens*, 464 F.3d at 897; *Hernandez v. Campbell*, 204 F.3d 861, 864-65 (9th Cir. 2000). A motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention. *Stephens*, 464 F.3d at 897. Restrictions on the availability of a § 2255 motion cannot be avoided by filing a petition under 28 U.S.C. § 2241. *Id.*

Here, Petitioner is challenging his sentence rather that the manner, location, or conditions of his sentence. Specifically, Petitioner challenges the legality of his sentence pursuant to *Mathis*. Petitioner's challenge should properly be brought pursuant to 28 U.S.C. § 2255. Petitioner asserts he may proceed with a § 2241 petition through §2255's "escape hatch."

"The escape hatch permits a federal prisoner to 'file a habeas corpus petition pursuant to §2241 to contest the legality of a sentence where his remedy under §2255 is inadequate or ineffective to test the legality of his dentition.'" *Stephens*, 464 F.3d at 897 (quoting *Hernandez*, 204 F.3d 861, 864-65 (9th Cir. 2000)). The "escape hatch" provision of § 2255 states:

4

> An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

If a federal prisoner can demonstrate that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention," he may seek relief under § 2241. *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997) (quoting 28 U.S.C. § 2255); *Hernandez*, 204 F.3d at 864-65. The exception is very narrow. *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003). In general, the remedy under § 2255 will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied or because a remedy under § 2255 is procedurally barred. *See Aronson v. May*, 85 S. Ct. 3, 5 (1964); *Tripati*, 843 F.2d at 1162-63; *Williams v. Heritage*, 250 F.2d 390, 390 (9th Cir. 1957); *Hildebrandt v. Swope*, 229 F.2d 582, 583 (9th Cir. 1956). The burden is on the petitioner to show that the remedy is inadequate or ineffective. *Redfield v. United States*, 315 F.2d 76, 83 (9th Cir. 1963).

Petitioner contends he is both actually innocent of the sentence imposed and procedurally barred under § 2255.

### A. Petitioner Does Not State a Claim for Actual Innocence

"To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)) (internal citation and quotation marks omitted). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Id*. (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). Therefore, "[a] petitioner is actually innocent when he was convicted

for conduct not prohibited by law." *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2000).

Petitioner alleges he is actually innocent because his convictions underlying the ACCA enhancement no longer qualify. (Doc. 1 at 5-7.) Specifically, Petitioner claims his sentence was enhanced under the ACCA based on the finding that his prior convictions for burglary in Wyoming qualified as a violent felony under 18 U.S.C. §924(e)(1). *Id*. Petitioner does not assert he was factually innocent of the crime for which he was convicted, but instead challenges his sentence based on *Mathis*. The savings clause requires him to prove that he is actually innocent of the crimes for which he was convicted, not that the sentence was erroneously imposed. *See Ivy*, 328 F.3d at 1060; *Lorentsen*, 223 F.3d at 954.

The Ninth Circuit has noted the possibility that a habeas petitioner "may qualify for the escape hatch if he received a sentence for which he was statutorily ineligible." *Marrero v. Ives*, 682 F.3d 1190, 1194-95 (9th Cir. 2012) (citing *Gibbs v. United States*, 655 F.3d 473, 479 (6th Cir. 2011), and *Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011)). The Ninth Circuit has recognized that some circuits have found exceptions to the general rule which suggest that a "petitioner might be actually innocent of a sentencing enhancement if the sentence resulted from a constitutional violation." *Id.* at 1195; see, e.g., *Sutton v. Quintana*, 2017 WL 4677548, at *2 (6th Cir. 2017) (permitting petitioner to proceed under the escape hatch with a *Mathis* claim because his sentence exceeded the statutory maximum absent an apparently erroneous enhancement under the Armed Career Criminal Act, making his sentence the result of a "fundamental defect") (citing *Hill v. Masters*, 836 F.3d 591, 597 (6th Cir. 2016)).

In *Marrero*, however, the Ninth Circuit held that "the purely legal argument that a petitioner was wrongly classified as a career offender under the Sentencing Guidelines is not cognizable as a claim of actual innocence under the escape hatch." 682 F.3d at 1195. The Ninth Circuit determined that a petitioner challenging his classification as a career offender under the Sentencing Guidelines was raising "a purely legal claim that has nothing to do with factual innocence." *Id*. at 1193. Because Petitioner raises the same argument—that he was wrongly classified as a violent felon under the ACCA—the decision in *Marrero* forecloses his claim of actual innocence.

Petitioner asks the Court to follow the precedent of the Sixth and Seventh Circuits, which have held that the "escape clause jurisdiction encompasses 'actual innocence' of an ACCA 'violent felony' prior conviction enhancement that has been rendered invalid by intervening, retroactive Supreme Court precedent." (Doc. 11 at 4) (internal citations omitted). However, this Court must follow Ninth Circuit precedent, and pursuant to Ninth Circuit precedent, Petitioner cannot show that he was "actually innocent" for purposes of the "escape hatch."

**B. Petitioner Had an Unobstructed Procedural Shot to Present his Claim**

The second requirement to qualify for § 2255's "escape hatch" is the lack of an unobstructed procedural shot for Petitioner to have presented his claim. *Harrison v. Ollison*, 519 F.3d 952, 959 (2008). "In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, we ask whether petitioner's claim 'did not become available' until after a federal court decision. *Id*. at 960 (quoting *Stephens*, 464 F.3d at 898.) The Court considers "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." *Id*. at 960 (quoting *Ivy*, 328 F.3d at 1060-61).

"An intervening court decision must 'effect a material change in the applicable law' to establish unavailability" of a claim on direct appeal or in a prior section 2255 motion." *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011) (quoting *Harrison*, 519 F.3d at 960). "In contrast, a decision that simply 'provides further clarification' of the statute of conviction without 'materially vary[ing] from the statutory construction set forth' in previous case law does not effect such a change." *Id*. at 1048 (citing *Harrison*, 519 F.3d at 960).

Petitioner contends that when he filed his first § 2255 motion in 2010, his ACCA enhanced sentence was proper. (Doc. 1 at 8.) The decision in *Mathis* clarified the crimes that constituted violent felonies, and Petitioner's burglary convictions are no longer predicate offenses for

7

enhancement under the ACCA. *Id*. *Mathis* was decided by the United States Supreme Court on June 23, 2016, after District of Wyoming denied Petitioner's § 2255 motion. *Mathis*, however, did not create new law, but was instead based on longstanding principles. The *Mathis* opinion emphasized that it relied on established principles in concluding that a conviction under the Iowa burglary statute does not count as an ACCA predicate offense. *See Mathis*, 136 S.Ct. at 2257 ("Our precedents make this a straightforward case. For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements.").

Accordingly, the basis for the challenge raised by Petitioner existed before *Mathis* was decided. While *Mathis* may have clarified existing law, it did not change the law. Petitioner could have raised these same arguments on direct appeal or in his first § 2255 motion. Therefore, Petitioner did not lack an unobstructed procedural shot to present his claim and the petition does not qualify for the "escape hatch."

**IV.    Dismissal of the Petition Is Appropriate**

Petitioner does not qualify for the "escape hatch," and Petitioner must proceed, if at all, with a § 2255 motion in the District of Wyoming. The Court must therefore determine whether to transfer the action to that District, or to dismiss it.

Pursuant to 28 U.S.C. § 1631,

> [w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed.

A transfer is appropriate pursuant to § 1631 "if three conditions are met: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice." *Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070, 1074 (9th Cir. 2001) (citing *Kolek v. Engen*, 869 F.2d 1281, 1284 (9th Cir. 1989)). Here, the interest of justice would not be served by transferring this action to another court.

8

Petitioner has already filed a § 2255 motion in the sentencing court and must obtain permission to file a successive § 2255 motion in that court. Here, Petitioner would have to obtain the authorization of the Tenth Circuit to proceed on a § 2255 motion. 28 U.S.C. § 2255(h). However, the Tenth Circuit has held that claims under *Mathis* do not provide grounds for pursuing a second or successive § 2255 motion. *See United States v. Taylor*, 672 Fed. Appx. 860, 864 (10th Cir. 2016) ("the Supreme Court explicitly stated in *Mathis* that it was not announcing a new rule and that its decision was dictated by decades of prior precedent"; noting that "courts applying *Mathis* have consistently reached the same conclusion"). As Petitioner would not be able to obtain permission from the Tenth Circuit to file a successive § 2255 motion in the sentencing court, transfer to the District of Wyoming is not in the interest of justice. As such, the undersigned recommends granting Respondent's motion to dismiss the petition.

V. **Recommendations and Conclusions**

Based on the foregoing, the undersigned recommends granting Respondent's motion to dismiss and denying the petition for writ of habeas corpus.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C ☐ 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court. The document should be captioned ☐Objections to Magistrate Judge's Findings and Recommendations. Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections. The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Further, the Court ORDERS the Clerk of Court to amend the caption in this matter to reflect the names of Steven Lake as Respondent.

IT IS SO ORDERED.

Dated: **December 27, 2018**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE